IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA MELIS,<br><br>                Plaintiff,<br><br>     v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                Defendants. | Case No. 25-cv-01295<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Beth W. Jantz** |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff ANNA MELIS ("Melis" or "Plaintiff") against Defendant No. 74 HONGCHEN Co.Ltd (the "Defendant Internet Store"), and Melis having moved for entry of Default and Default Judgment against Defendant No. 74 HONGCHEN Co.Ltd (the "Defaulting Defendant");

Melis having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendant received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording it the opportunity to answer and present its objections; and

The Defaulting Defendant not having answered nor appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendant because Defaulting Defendant directly target its business activities toward consumers in the United States,

including Illinois. Specifically, Melis has provided a basis to conclude that Defaulting Defendant has targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers using at least one seller alias, offers shipping to the United States, including Illinois, and has sold products using infringing versions of Melis's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-403-958 (the "Anna Melis Work") to residents of Illinois. In this case, Melis has presented screenshot evidence that the Defendant e-commerce store is reaching out to do business with Illinois residents by operating at least one commercial, interactive internet store through which Illinois residents can and do purchase products using infringing versions of the Anna Melis Work. *See* Docket No. [16-1], which includes screenshot evidence confirming that the Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Anna Melis Work.

This Court further finds that Defaulting Defendant is liable for willful copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Melis's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendant is deemed in default, and that this Default Judgment is entered against Defaulting Defendant.

This Court further orders that:

1. Defaulting Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be permanently enjoined and restrained from:

   a. using the Anna Melis Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising,

      offering for sale, or sale of any product that is not a genuine Anna Melis product or not authorized by Melis to be sold in connection with the Anna Melis Work;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Anna Melis product or any other product produced by Melis, that is not Melis's or not produced under the authorization, control, or supervision of Melis and approved by Melis for sale under the Anna Melis Work;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control, or supervision of Melis, or are sponsored by, approved by, or otherwise connected with Melis; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Melis, nor authorized by Melis to be sold or offered for sale, and which bear any of Melis's registered copyrights, including the Anna Melis Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendant and any third party with actual notice of this Order who is providing services for the Defaulting Defendant, or in connection with any of the Defaulting Defendant's Defendant Internet Store, including, without limitation, any online marketplace platforms such as Walmart Inc. ("Walmart") (the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

   a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendant could continue to sell infringing goods using the Anna Melis Work; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Anna Melis Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Anna Melis product or not authorized by Melis to be sold in connection with the Anna Melis Work.

3. Upon Melis's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of infringing goods using the Anna Melis Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Melis is awarded statutory damages from the Defaulting Defendant in the amount of one hundred thousand dollars ($100,000) for willful use of the infringing Anna Melis Work on products sold through at least the Defendant Internet Store.

5. Any Third Party Providers holding funds for Defaulting Defendant, including Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant or the Defendant Internet Store from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendant's assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Third Party Providers such as Walmart, are hereby released to Melis as partial payment of the above-identified damages, and Third Party Providers, including Walmart, are ordered to release to Melis the amounts from Defaulting Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Melis has recovered full payment of monies owed to Plaintiff by Defaulting Defendant, Melis shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Melis identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendant, Melis may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by e-mail at any e-mail addresses provided for Defaulting Defendant by third parties.

This is a Default Judgment.

Dated: September 16, 2025

_Thomas M. Durkin_

Thomas M. Durkin
United States District Judge

5